Battle, J.
 

 No person who reads the will of the testator can, for a moment, doubt that his intention was to give what he called the balance of his pi’operty to be equally divided between his two sons, Henderson and Thomas, and his daughter, Sarah B. Coakley, and her children; the two sons, taking a third part, each, and the daughter, and her children, taking the remaining third part. Ilis desire for such an equal partition, was so strong, that in one part of his will, he directed that one of his sons and his daughter should each be paid sums sufficient to make up one hundred dollars, the amount which he had advanced in money to the other son. The only question, then, is, whether that intention, in favor of the daughter, and her children, is expressed in terms sufficiently explicit to enable the Court to give it effect. The language in which the residue of the testator’s property is given to the three children, is in one clause of the will- “ to bo equally divided between the
 
 *92
 
 three, to Henderson and Thomas as gifts, and to Sarah as a loan.” In another clause, where he provides for a division, after the deatli of his wife, the testator expresses himself thus: “all the property to be divided between Sarah B. Coakley, Henderson L. Daniel and Thomas P. Daniel, share and share alike, to Henderson and Thomas, and their heirs and assigns, as gifts, to Sarah B. Coakley, as a loan, for the benefit of her and her children.” The counsel for Mrs. Coakley and her children, contend that by a fair construction of the language contained in these clauses, she took an absolute interest in the property, to be held in trust for the benefit of herself and children, born, or to be born; or, that she and her children, then born, took an absolute interest in the property; or, that she took it for life, with remainder to the children which she then had or might afterwards have. The counsel for the other parties contends, on the contrary, that she took a life estate only for tins benefit of herself and her chiidren, and that the remainder in the property is undisposed of by the will, and must be distributed accordingly among the heirs at law and next of kin of the testator.
 

 It is not very easy to conceive what precise idea the testator attached to the word “loan.” It is very certain that he did not intend a mere bailment; because he uses it in connection with the thirty dollars which his daughter was to receive to make her advancement in monej^ equal to what he had given to one of her brothers. He speaks, also, in two separate clauses, of an equal division of the property between her and her brothers, and yet, nothing could be more unequal if she, or she and her children, were to be mere bailees for life of one third of the property, and her brothers were to take, each, his share, absolutely. Besides, the “loan” is not confined in express words to a life estate, but it is to her indefinitely. ¥e must, then, seek for another meaning of the term “loan,” and we are satisfied that the testator intended to use it in a sense opposed to the absolute interest which he gives to his sons.— In other words, he meant that she should not take it to be disposed of absolutely at her pleasure, but that her interest in it
 
 *93
 
 was to be limited to her for life, and then it was to bo for the benefit of her children. It will be noticed that the devise and bequest is not to her
 
 and
 
 her children, which, as she had children at the time of her father’s death, would have given the property to her and them, as tenants in common, according to the case of
 
 Moore
 
 v. Leach, 3 Jones’ Rep. 88, but it is to her “for the benefit of her and her children.” The clause is to be construed like those which were the subject of decision in the case of
 
 Bridges
 
 v.
 
 Wilkins,
 
 3 Jones’ Eq. 342, and
 
 Chesnut
 
 v.
 
 Meares,
 
 ibid 416. The last was the case of a trust, but we held that for the purpose of carrying out the manifest intent of the settler, we wore at liberty to put the same construction upon it, as we would upon a like limitation in a will. It has been suggested, that the cases of
 
 Moore
 
 v.
 
 Leach
 
 and
 
 Bridges
 
 v.
 
 Wilkins,
 
 were opposed to each other, because one of the sisters of the testator, in the latter case, had a child living at his death, and yet, we held that she took a life estate, only, in the property given, with a remainder to all her children, as a class. But, there is this manifest difference between the two cases, that in the former, the devise is to one woman only, and her children, she, at the time, being a married woman, and having children, while in the latter, the bequest was to all the testator’s sisters and their children, most of whom were then unmarried, and without children. In the case of the unmarried sisters, the intention of the testator, in favor of any children which they might have, could only be carried out by giving the sisters, estates for life, with remainders to their children respectively as a class, which would, of course, embrace all they might have during life. As the married sister was embraced in the same clause, and as no distinction whatever was indicated in the will between her, and the others, the same construction was applied to her also. The cases of
 
 Crawford
 
 v.
 
 Trotter,
 
 4 Madd, Rep. 362, and
 
 Morse
 
 v.
 
 Morse,
 
 2 Sim. 485, referred to in
 
 Chesnut
 
 v.
 
 Meares,
 
 show clearly, that when the intention of a testator, or settler of a trust requires it, the children will not take with their mother, but in remainder after her.
 

 
 *94
 
 We admit that the language of the testator, in the will under consideration, is untechnical, and of doubtful import, hut where we discover a clear intention in him to make an equal provision out of certain property for two of his sons and his daughter and her family, we feel bound to put a construction on it (even though it may seem somewhat forced) which will effectuate that intention.
 

 Per Curiam. The plaintiff may have a decree in accordance with the principles herein declared.